SAN PEDRO FISHERMEN'S WELFARE TRUST FUND LOCAL 33, Plaintiff-Appellee, Cross-Appellant,

v.

Carmen DI BERNARDO; Frank Colonna; Carmen Di Bernardo and Frank Colonna d/b/a the Santa Maria; James Bunn, d/b/a the Donna B.; the Donna B. a California Corporation, Defendant-Appellants, Cross-Appellees.

Nos. 80–5158, 80–5168.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1981.

Decided Jan. 4, 1982.

Ronald Dean, Pacific Palisades, Cal., for San Pedro Fishermen's Welfare Trust Fund Local 33.

Thomas S. Kerrigan, McLaughlin & Irvin, Los Angeles, Cal., for Carmen Di Bernardo, et al.

Before GOODWIN, WALLACE and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

San Pedro Fishermen's Welfare Trust Fund Local 33 brought this action to enforce payment of trust fund contributions pursuant to a collective bargaining agreement. The district court granted the Trust Fund's motion for summary judgment and denied its motion for attorney's fees. We affirm the granting of summary judgment but the 1980 amendments to ERISA § 502(g), 29 U.S.C. § 1132(g) (1976), require a reversal of the denial of attorney's fees. We remand to the district court for a proper determination of attorney's fees.

## I. *Facts*

San Pedro Fishermen's Welfare Trust Fund Local 33 is a third party beneficiary of a collective bargaining agreement (master agreement) between Di Bernardo et al. (employers) and Fishermen & Allied Workers' Union, Local 33. The master agreement was modified by a 1978 strike settlement agreement. The issue presented is whether employers must make health and welfare benefit contributions for striking employees. The written terms of the agreements are not in dispute. The parties dispute the interpretation of those agreements.

Di Bernardo et al. contend that (1) the master agreement did not require health and welfare benefit contributions for striking employees, and (2) even assuming the master agreement so provided, that it was effectively modified by the strike settlement agreement and by oral statements made during strike negotiations. The trial court held that the master agreement man-dated such payments [1] and that subsequent agreements did not alter that obligation.

## II. *Summary Judgment*

■ Section 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186 (1976 & Supp. II 1978), permits employer contributions to welfare trust funds under rigid safeguards. Section 302(c)(5) requires that the detailed basis on which such payments are made be set forth in writing.[2] It has been held (1) that oral modifications of a written welfare trust fund agreement specifying payments are invalid and contrary to public policy, *Lewis v. Seanor Coal Co.*, 382 F.2d 437, 443–44 (3d Cir. 1967), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1035, 19 L.Ed.2d 1137 (1968); and (2) that a written welfare trust fund agreement supersedes prior oral understandings as well as subsequent modifications, *Boyle v. North Atlantic Coal Corp.*, 331 F.Supp. 1107, 1108 (W.D.Pa. 1971). The policy behind § 302(c)(5) requires that contract interpretation be confined to the written terms of the welfare trust fund agreement. *See generally Thurber v. Western Confer. of Teamsters Pension Plan*, 542 F.2d 1106, 1108 (9th Cir. 1976). Oral statements regarding the meaning of a written trust fund agreement are difficult to prove and judicial recognition of such oral statements may invite collusion and controversy to the detriment of the beneficiaries.

■ The district court properly entered the summary judgment order as (1) the strike settlement agreement did not alter the master agreement on this subject; and (2) no oral modifications will be recognized.

---

1. While the master agreement did not specifically refer to this situation, the trial court held that, a clear reading of its terms leads to but one conclusion—that contributions are required. We agree.

2. Section 302 of the Labor Management Relations Act of 1947, 29 U.S.C. § 186 (1976 & Supp. II 1978), pursuant to which the pension fund was established, provides in pertinent part:

    (a) It shall be unlawful for any employer or association of employers * * * to pay, lend, or deliver, or agree to pay, lend, or deliver, any money or other thing of value—

    (1) to any representative of any of his employees who are employed in an industry affecting commerce; . . .

        \*    \*    \*    \*    \*    \*

    (c) The provisions of this section shall not be applicable * * * (5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents * * *: *Provided*, That * * * (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer * * *.

### III. *Attorney's Fees*

■ This action, involving a multiemployer plan, was brought under § 502(g) of ERISA, 29 U.S.C. § 1132 (1976). At the time the action was brought the award of attorney's fees was discretionary. However the 1980 amendments to section 502(g) now make the award of attorney's fees mandatory in such cases.[3] We must apply the law in effect at the time we render our decision. *See Bradley v. School Board of Richmond*, 416 U.S. 696, 711–16, 94 S.Ct. 2006, 2016–19, 40 L.Ed.2d 476 (1974).[4] Section 502(g)(2), as amended, is applicable and requires that attorney's fees be awarded. *Central States v. Alco Express Co.*, 522 F.Supp. 919 (E.D.Mich.1981). The order denying the Trust Fund's motion for attorney's fees is reversed and the case remanded for a determination of the amount of attorney's fees to be awarded.

Affirmed in part, reversed in part and remanded.

---

**3.** ERISA Amendments of 1980, Pub.L. No. 96–364, § 306(b)(2), 94 Stat. 1295 (amending 29 U.S.C. § 1132(g) (1976)).

**4.** This principal applies unless such application would work a manifest injustice or there is statutory direction or legislative history to the contrary. 416 U.S. at 711–21, 94 S.Ct. at 2016–21. No such special circumstances exist here.